# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MAXUM INDEMNITY COMPANY,
3655 North Point Parkway, Suite 500
Alpharetta, GA 30005

     Plaintiff,

v.

THE ROBBINS COMPANY
29100 Hall Street
Solon, OH 44139

     Defendant.

CIVIL ACTION NO. 1:17-cv-1968

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Maxum Indemnity Company (hereinafter "Plaintiff" or "Maxum"), by and through its undersigned counsel, files this complaint for declaratory judgment against Defendant The Robbins Company (hereinafter "Defendant" or "Robbins"), and in support hereof alleges as follows:

## NATURE OF THE ACTION

1. Maxum brings this action for declaratory relief pursuant to 28 U.S.C. §2201 et. seq. seeking a judicial declaration that it has no duty to defend or indemnify Robbins for the claim asserted in an arbitration filed against Robbins by JCM Northlink, LLC ("JCM").

## PARTIES

2. Plaintiff Maxum Indemnity Company is a Connecticut corporation with its principal place of business in Alpharetta, Georgia.

3. Defendant The Robbins Company is an Ohio corporation with its principal place of business in Solon, Ohio.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 USC §§ 2201 and 1332. Plaintiff is a citizen of Connecticut and Georgia, and Defendant is a citizen of Ohio

5. An actual controversy of a justiciable nature exists between Plaintiff and Defendant regarding the existence of insurance coverage for the underlying arbitration between Defendant and JCM.

6. The amount in controversy with respect to the Plaintiff's claim for relief exceeds the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.

7. Venue is appropriate in the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1391 (b)(1) and (c)(2) because the Defendant resides in this District. In addition, venue is proper in this District because the insurance policies at issue were delivered to Robbins in this District.

## THE UNDERLYING ARBITRATION

8. Robbins is a designer, manufacturer and supplier of tunnel-boring machines ("TBM"s).

9. On May 20, 2016, JCM submitted a Request for Arbitration to the International Court of Arbitration against Robbins (the "Underlying Arbitration"), pursuant to the arbitration clause in the Rental Agreement between JCM and Robbins. Pursuant to that clause, the Underlying Arbitration is currently pending in New York, NY.

10. JCM's claim in the Underlying Arbitration concerns Robbins' rental of a TBM to JCM for use on a tunneling project in Seattle, Washington. JCM asserts that Robbins breached the parties' Rental Agreement causing JCM over $40 million in damages. The Request for Arbitration alleges many defects in the TBM, as well as services that Robbins was required to perform but allegedly failed to do so. The Request for Arbitration states that for these reasons, JCM had terminated the Rental Agreement for default on April 12, 2016.

11. The Request for Arbitration asserts breach of contract as JCM's sole cause of action. In connection with its claim, JCM seeks to recover consequential damages consisting of delays and costs incurred repairing Robbins' TBM. The Request for Arbitration is attached hereto as Exhibit A.

12. On August 31, 2017, Robbins first reported the Underlying Arbitration to Maxum and sought insurance coverage.

## THE POLICIES

13. Maxum issued Commercial General Liability Policy No. GLP-6027385-01 (the "Primary Policy") and Commercial Excess Liability Policy No. EXC-6001160-11 (the "Excess Policy") for the period of September 1, 2015 to September 1, 2016 (together, the "Policies"). The Primary Policy and the Excess Policy are attached hereto as Exhibits B and C, respectively.

14. As relevant to this dispute, the Primary Policy applies to Robbins' liability because of "property damage" caused by an "occurrence." "Property damage" is defined in relevant part as "[p]hysical injury to tangible property" and "[l]oss of use of tangible property that was not physically injured." "Occurrence" is defined in relevant part as an "accident."

15. The Primary Policy excludes coverage for "property damage" to "your product" (Exclusion k.) as well as "property damage" to "property you own, rent or occupy, including any costs or expenses incurred … for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property" (Exclusion j.(1)).

16. The Primary Policy also excludes coverage for "property damage" for which Robbins "is obligated to pay 'damages' by reason of assumption of liability in a contract or agreement" (Exclusion b.).

17. The Primary Policy also contains the following exclusion:

BREACH OF CONTRACT – EXCLUSION

> This insurance does not apply to any claim or "suit" for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury", "property damage", "advertising injury", "personal injury" or an "occurrence" is alleged.
>
> This exclusion also applies to any additional insured under this policy.
>
> Furthermore, no obligation to defend will arise or be provided by the Company for such excluded claims.

18. The Primary Policy requires Robbins to notify Maxum "as soon as practicable" of any claim or "suit" (Condition 2.b.), or any "occurrence" which may result in a claim (Condition 2.a.).

19. The Excess Policy follows form to the Primary Policy, providing coverage only for "injury or damage" covered by the Primary Policy and only after exhaustion of the Primary Policy's applicable limit of liability.

## **COUNT I – DECLARATORY JUDGMENT**

20. Maxum incorporates the allegations contained in Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. An actual controversy exists between Maxum and Robbins as to whether the Policies provide any coverage with respect to the Underlying Arbitration.

22. The Underlying Arbitration does not seek recovery for "property damage" as defined in the Primary Policy.

23. The Underlying Arbitration does not allege an "occurrence" as defined in the Primary Policy.

24. Alternatively, the Underlying Arbitration is excluded from coverage because any "property damage" alleged by JCM was to Robbins' product, to wit, its TBM that it rented to JCM.

25. Alternatively, the Underlying Arbitration is excluded from coverage because any "property damage" alleged by JCM was to Robbins' property, to wit, its TBM that it rented to JCM.

26. The Underlying Arbitration is excluded from coverage because it is a claim for breach of contract.

27. Alternatively, Maxum has no duty to provide coverage under the Policies for the Underlying Arbitration because Robbins breached the Policies' conditions by failing to report the Underlying Arbitration to Maxum until at least fifteen (15) months after the Underlying Arbitration was initiated.

28. Accordingly, Maxum has no duty to defend or indemnify Robbins with respect to the Underlying Arbitration.

WHEREFORE, Maxum respectfully requests that this Court enter judgment in its favor and against Robbins as follows:

(1) Declaring that Maxum has no duty to defend Robbins with respect to the Underlying Arbitration;

(2) Declaring that Maxum has no duty to indemnify Robbins with respect to the Underlying Arbitration;

(3) Declaring that Maxum is entitled to recover its reasonable costs and expenses, including attorney fees; and

(4) For such other and further relief as the Court deems proper.

## JURY DEMAND

29. Maxum demands a trial by jury on all issues of fact, if any.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Daniel C. Theveny*
Daniel C. Theveny
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax: 1-800-523-2900
Email: dtheveny@cozen.com
Ohio Bar No. 0088838
*Attorneys for Maxum Indemnity Company*

Dated: September 19, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2017, a copy of foregoing Complaint for Declaratory Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

        COZEN O'CONNOR

        */s/ Daniel C. Theveny*
        Daniel C. Theveny
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        Phone: (215) 665-2000
        Fax: 1-800-523-2900
        Email: dtheveny@cozen.com
        Ohio Bar No. 0088838