UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY CO., | ) | Case No.: 1:17 CV 1968 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| THE ROBBINS COMPANY, | ) | |
| | ) | |
| Defendant | ) | ORDER |

## I.    INTRODUCTION

Currently pending before the court in the above-captioned case is Defendant The Robbins

Company's ("Defendant") Motion for Reconsideration. (ECF No. 29.) For the following reasons,

Defendant's Motion is denied.

## II.    BACKGROUND

On September 19, 2017, Plaintiff Maxum Indemnity Co. ("Plaintiff") commenced this civil

action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, seeking a judicial declaration

that it has no duty to defend or indemnify Defendant in the currently-pending arbitration brought by

JCM Northlink, LLC ("JCM") against Defendant before the International Court of Arbitration

("ICA") ("Underlying Arbitration"). (Compl., ECF No. 1.) Defendant is a designer, manufacturer,

and supplier of tunnel-boring machines ("TBMs"). (*Id.* ¶ 8.) Plaintiff insures Defendant under two

Commercial General Liability ("CGL") policies, Nos. GLP-6027385-01 ("Primary Policy") and

EXC-6001160-11 ("Excess Policy"), effective from September 1, 2015 to September 1, 2016 ("Policies"). (*Id.* ¶13.)

On November 16, 2017, Plaintiff filed its Motion for Judgment on the Pleadings, arguing that there is no material dispute that it has no duty to defend or indemnify Defendant in the Underlying Arbitration under the Policies. (ECF No. 16.) On March 22, 2018, the court granted Plaintiff's Motion, and entered judgment in favor of Plaintiff. (ECF Nos. 27–28.) The court found, *inter alia*, that "[a]lthough the failure of the bearing in Defendant's TBM was an 'accident' within the ordinary meaning of that term, the facts of the underlying accident here do not support the conclusion that JCM suffered 'property damage' from any alleged 'occurrence' that would be covered under the Policies." (*See* Mar. 22, 2018 Order, ECF No. 27.) The court also found that Plaintiff's duty to defend could not be triggered because JCM's allegations are "clearly couched in terms of obligations arising from JCM and Defendant's contractual relationship," and such damages are excluded under the Policies. (*Id*. at 7–8.)

On April 19, 2018, Defendant filed the instant Motion for Reconsideration, pursuant to Federal Rules of Civil Procedure 60(b)(1) and (2), or, in the alternative, pursuant to Fed. R. Civ. P. 59(e), on the grounds that: (1) the court should retroactively decline to exercise discretionary jurisdiction under the Declaratory Judgment Act; or (2) consider the newly discovered evidence in the form of an Itemization and Categorization of Claims and Damages ("Itemization") from JCM, which demonstrates that JCM "may be seeking 'consequential property damage.'" (*See* Mot. Recons. 1, 4, ECF No. 29.)

### III.    LAW AND ANALYSIS

**A. Mistake of Law**

A motion under Federal Rule of Civil Procedure. 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority[;] or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *See U.S. v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Similarly, under Rule 59(e), upon request, a court may amend or alter its judgment in order: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *See CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008). Defendant argues that it is entitled to relief under Rule 60(b)(1), or in the alternative Rule 59(e), because the court erred in exercising discretionary jurisdiction over this declaratory action in light of the factors set out in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984). (*See* Mot. Recons. 4–10.) As a result, Defendant requests that the court set aside its prior Order and Judgment, retroactively decline jurisdiction, and dismiss the action. (*See id.*)

As an initial matter, the court notes that litigants are generally not permitted to utilize post-judgment motions to present arguments which should have properly been raised prior to judgment. *See Mcmanus v. District of Colombia*, 545 F. Supp. 2d 129, 134 (D.C. Cir. 2008) (explaining that "Rule 60(b) cannot…be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.") (citing *Federal's Inc. v. Edmonton Invest. Co.*, 555 F.2d 577, 583 (6th Cir. 1977) (noting that "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise."); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (noting that Rule 59(e) "may not be used

-3-

to relitigate old matters, or to raise argument or present evidence that could have been raised prior to the entry of judgment.")  Here, while Defendant may have argued at various points in its briefing that the court should reserve its ruling and indicated its intention to file a stay, it never offered any objection to the court's discretionary jurisdiction altogether. (*See, e.g.*, Opp'n Mot. J. Pleadings 1–2, 11–12, ECF No. 23.)[1]

However, even in considering Defendant's objection to jurisdiction, the exercise of jurisdiction in this case was fair and useful under the *Grand Trunk* factors. 746 F.2d at 326. Under *Grand Trunk* courts consider:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

---

[1]  Moreover, the court notes that, although it has a continuing obligation to ensure that subject matter jurisdiction is proper, an objection to a district court's "discretionary decision to entertain an action over which it has subject matter jurisdiction pursuant to the Declaratory Act, 28 U.S.C. § 2201…is not actually a jurisdictional challenge." *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). Accordingly, traditional rules of waiver apply and, thus, generally, objections to the propriety of a district court's decision to exercise jurisdiction pursuant to the Act may be waived on appeal. *Id.* at 552–53 (finding that the defendant "failed to properly raise the issue of the propriety of the district court's exercise of jurisdiction with the district court" when she raised the issue for the first time in her reply in support of her motion to amend, but ultimately addressing the issue on the merits in order to clarify Sixth Circuit precedent); *see also Am. Family Prepaid Legal Corp. v. Colombus Bar. Assoc.*, 498 F.3d 328, 335 (6th Cir. 2007) (noting that issues raised for the first time in motions requesting reconsideration or in replies to responses are deemed to be waived); *Thurman v. Yellow Freight Sys., Inc.*, 97 F.3d 833, 835 (6th Cir. 1996) (same).

> (5) whether there is an alternative remedy which is better or more
> effective.

*Id.*

First, whether Plaintiff has a duty to defend Defendant in the Underlying Arbitration is certainly a live controversy as between them that could be resolved by a declaratory judgment. *See Scottsdale*, 513 F.3d at 555–56 (noting that, in cases where the plaintiff is "not a party to the state court action and neither the scope of the insurance coverage nor the obligation to defend [is] before the state court…a declaratory judgment would resolve the insurance coverage controversy and would clarify the legal relations at issue.") (internal citations omitted). Second, and relatedly, although this court cannot resolve the Underlying Arbitration between Defendant and JCM, a declaratory judgment defines the legal relationship between Plaintiff and Defendant regarding Plaintiff's duty to defend, which is a separate and distinct issue from Defendant's ultimate liability to JCM. *See id.*; *compare to Bituminous Cas. Corp. V. J & L Lumber Co., Inc.*, 373 F.3d 807, 814 (6th Cir. 2004) (finding jurisdiction improper where there were already two independent state court proceedings considering the question of the injured party's employment status, the sole determinative issue in the underlying personal injury action). Thus, the first two factors weigh in favor of this court's jurisdiction.

Third, the court is not convinced that Plaintiff has engaged in any kind of "procedural fencing" or "gamesmanship," and Defendant does not suggest that it has done so. Fourth, to the extent that the arbitration proceeding is a "state court proceeding" for the purpose of the court's analysis, there are no federalism issues present here. There were no novel or conflicting questions of state law or close questions of fact relevant to the Underlying Arbitration which the court had to consider in its ruling. (*See generally* Mar. 22, 2018 Order.) Indeed, although Defendant's potential

liability to JCM will be governed by Washington state law, the insurance contract at issue here is governed by Ohio law, and there is no reason to presume that the ICA would be in a better position to determine the scope of an Ohio insurance contract than a federal court in Ohio exercising its diversity jurisdiction, particularly where that issue is not before that tribunal. Moreover, although it is true that in arbitration proceedings, as well as in other civil actions, parties have the ability to amend and clarify their claims after filing their initial complaint, the "arguability" of coverage must be apparent at the time of the underlying complaint in order to trigger an insured's duty to defend. *See Ferro Corp v. Cookson Grp.*, 561 F. Supp. 2d 888, 899–90 (N.D. Ohio 2008) (noting that "[e]ven under the liberal notions of notice pleading it would be inherently unfair to require the insurer to provide a defense where the pleadings failed to notify, even arguably, that the insured is being sued on a claim covered by the policy." (quoting *Motorists Mut. Ins. Co. v. Nat'l Dairy Herd*, 750 N.E. 2d 1169, 1176–77 (Ohio App. 2001))). Thus, even if, as Defendant argues, an arguable basis for coverage now exists in light of the Itemization, that circumstance offers little insight into whether the coverage question was "arguable when the [Request for Arbitration] was filed." *See id.* at 901 (rejecting argument that duty to defend arose because circumstances which occurred after the filing of the complaint "illuminated the allegations of the underlying [case] in a way that made it apparent that the claims asserted…were arguably covered."); *see also Holloway Sportswear v. Transp. Ins. Co.*, 58 F. App'x 172, 175 (6th Cir. 2003) (affirming district court's determination that there existed no duty to defend where the underlying complaint did not contain factual allegations that arguably triggered coverage); *Mesa Underwriters Specialty Ins. Co. v. Myers*, Case No. 3:14-CV-2201, 2016 WL 4367079, at *3 (N.D. Ohio Aug. 16, 2016) (noting that "[t]he action's ultimate outcome or the insurer's ultimate liability does not determine the duty to defend an action," rather,

"[t]he duty to defend is determined by the scope of the allegations in the complaint." (internal citations omitted)).

Finally, it is true that Plaintiff had other options, such as defending itself in a coverage action brought by Defendant after completion of the arbitration or defending Defendant in the Underlying Arbitration under a reservations of rights. However, Defendant has failed to establish that those remedies would be any better or more effective than a federal-court declaratory action, particularly where Plaintiff's potential insurance liability under the Policies is not a question that is being considered in the Underlying Arbitration, and where, at this late stage, there is no burden on the court because it has already considered the merits of Plaintiff's duty to defend.

Accordingly, the court's exercise of jurisdiction in this case was appropriate.

### B. Newly Discovered Evidence

Under Federal Rule of Civil Procedure 60(b)(2), a court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A party seeking relief from judgment under Rule 60(b)(2) has the burden of demonstrating by clear and convincing evidence that: (1) "it exercised due diligence in obtaining the information"; and (2) the evidence is material and controlling and clearly would have produced a difference result if presented before the original judgment." *See JPMorgan Chase Bank v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014) (quoting *HDC, LCC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012)). Similarly, when a party's motion is based on the grounds of newly discovered evidence under Rule 59(e), the movant has the burden of demonstrating that the evidence was "previously unavailable"

prior to the court's ruling. *See GenCorp, Inc. v. Am. Intern. Underwiters*, 178 F.3d 804, 834 (6th Cir. 1999).

The court is not persuaded by Defendant's explanations as to why it could not reasonably bring the Itemization to the court's attention prior to its ruling.  First, even if Defendant believed it could resolve the dispute with Plaintiff without submitting the Itemization to the court, Defendant, ostensibly, did not make any attempt to do so until March 13, 2018, nearly a month after receiving the Itemization from JCM, on February 15, 2018. (*See* Reply Recons. 2–3.) Second, Defendant's contention that it could not have supplemented its brief with the Itemization because of the court's ultimate ruling that Plaintiff's Motion would be considered as one for judgment on the pleadings, puts the proverbial cart before the horse.  At the time that Defendant received the Itemization, the court had yet to make its ruling, and did not do so until over a month later. (*See* Mar. 22, 2018 Order.) Indeed, Defendant had every incentive to bring the Itemization to the court's attention in order to support its position that: (1) the court should convert the Motion to one for summary judgment in order to consider certain matters outside of the pleadings; (2) JCM's Itemization of their claims and damages could be considered part of the pleadings because they would clarify the claims at issue in the arbitration; and (3) the court should reserve its ruling until at least February 15, 2018, when JCM was required to provide the Itemization, so that it could supplement its briefing. (Opp'n Mot. J. Pleadings 1–2, 12.) Accordingly, given Defendant's lack of due diligence, the court finds that Defendant is not entitled to relief under either Rule 60(b)(2) or 59(e) on the basis of "newly discovered evidence."

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 29) is denied.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 20, 2018